[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We sustain the appellant's sole assignment of error upon our determination that the appellant was entitled to a judgment of acquittal on the charge of possessing drug paraphernalia in violation of R.C. 2925.14(C)(1).[1] The prosecution presented at trial legally sufficient evidence to prove that the appellant had constructively possessed "drug paraphernalia." See R.C.2925.14(A)(12) and (B)(4). It failed, however, to adduce legally sufficient evidence upon which a reasonable trier of fact could have concluded that the appellant had possessed the drug paraphernalia "with [a] purpose to use" it. See R.C.2925.14(C)(1); State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541, 546; see, also, R.C. 2901.22(A) (defining the culpable mental state "purposely"). We, therefore, reverse the judgment of the trial court and order that the appellant be discharged.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________________.
Presiding Judge
[1] We read the appellant's challenge to "the weight of the evidence" to state a challenge to the legal sufficiency of the evidence.